UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------
**ZUFFA, LLC d/b/a Ultimate Fighting Championship,**

         Plaintiff,

 -against-

BORIS GOZENPUT, Individually, and as officer, director, shareholder and/or principal of DESSERT PALACE BOSC INC. d/b/a EMMONS PALACE,

and

DESSERT PALACE BOSC INC. d/b/a EMMONS PALACE,

         Defendants.
------------------------------------------------------------------------

**COMPLAINT**

Civil Action No.

  Plaintiff, ZUFFA, LLC d/b/a Ultimate Fighting Championship (hereinafter "Plaintiff"), by its attorneys LONSTEIN LAW OFFICE, P.C., complaining of the Defendants herein respectfully sets forth and alleges, as follows:

**JURISDICTION AND VENUE**

  1. This is a civil action seeking damages for violation of 47 U.S.C. §§ 553 or 605, et seq. and for copyright infringement under the copyright laws of the U.S. (17 U.S.C. §101, et seq.) and 15 U.S.C. § 1125(a).

  2. This Court has jurisdiction under 17 U.S.C. §101, et seq. and 28 U.S.C. Section §1331, which states that the district courts shall have original jurisdiction of all

civil actions arising under the Constitution, laws, or treaties of the United States; and 28 U.S.C. Section §1338(a) (copyright).

3. Upon information and belief, venue is proper in this court because, <u>inter alia,</u> a substantial part of the events or omissions giving rise to the claim occurred within Kings County, which is within the Eastern District of New York (28 U.S.C. § 1391(b) and 28 U.S.C. §112(c)).

4. This Court has personal jurisdiction over the parties in this action. Defendants to this action had or have an agent or agents who has or had independently transacted business in the State of New York and certain activities of Defendants giving rise to this action took place in the State of New York; more particularly, Defendants' acts of violating federal laws and the proprietary rights of Plaintiff, as distributor of the encrypted satellite, radio, wired or internet streamed (IPTV) broadcast within the State of New York. Moreover, upon information and belief, Defendants have their principal place of business within the State of New York; thus, this Court has personal jurisdiction over Defendants.

## THE PARTIES

5. The Plaintiff is a Nevada Limited Liability Company with its principal place of business located at 6650 S. Torrey Pines Drive, Las Vegas, Nevada 89118 and duly registered to do business in the State of New York.

6. Plaintiff is the owner of the UFC 307 - Pereira vs. Rountree Jr. PPV Broadcast which occurred on October 5, 2024, including all undercard matches and the entire

television Broadcast, via encrypted closed circuit television, encrypted satellite, radio signals and/or digital streaming technology (hereinafter referred to as the "Broadcast").

7. Upon information and belief, the Defendant, BORIS GOZENPUT, resides at 35 Seacoast Ter, Apt 10C, Brooklyn, NY 11235.

8. Upon information and belief, the Defendant, BORIS GOZENPUT, was the officer, director, shareholder and/or principal of DESSERT PALACE BOSC INC. d/b/a EMMONS PALACE located at 2265 Emmons Ave., Brooklyn, NY 11235.

9. Upon information and belief, the Defendant, BORIS GOZENPUT, was the individual with supervisory capacity and control over the activities occurring within the establishment known as DESSERT PALACE BOSC INC. d/b/a EMMONS PALACE, located at 2265 Emmons Ave., Brooklyn, NY 11235.

10. Upon information and belief, the Defendant, BORIS GOZENPUT, received a financial benefit from the operations of DESSERT PALACE BOSC INC. d/b/a EMMONS PALACE, on October 5, 2024.

11. Upon information and belief, Defendant, BORIS GOZENPUT, was the individual with close control over the internal operating procedures and employment practices of DESSERT PALACE BOSC INC. d/b/a EMMONS PALACE, on October 5, 2024.

12. Upon information and belief, the Defendant, DESSERT PALACE BOSC INC., is a domestic corporation licensed to do business in the State of New York and as was doing business as under the trade or fictitious name EMMONS PALACE.

13. Upon information and belief, the Defendant, DESSERT PALACE BOSC INC. d/b/a EMMONS PALACE, is located at 2265 Emmons Ave., Brooklyn, NY 11235, and had a lawful occupancy capacity of approximately 201-225 people and was open to the public on October 5, 2024.

14. Upon information and belief, Defendants, *jointly and severally,* created an advertisement/post on the **Emmons Palace** Facebook account on October 3, 2024 stating: "**Get ready for an action-packed night at Emmons Palace! Watch UFC 307 LIVE this Saturday, October 5th at 7PM as Pereira takes on Rountree for the World Light Heavyweight Championship. Enjoy great food, drinks, and the ultimate fight night atmosphere. Don't miss the excitement – bring your friends and let's cheer for the fighters together! #UFC307 #PereiraVsRoundtree #FightNight #Emmons Palace #Live MMA**".  Please Exhibit "A" attached hereto.

15. Upon information and belief, Defendants, *jointly and severally,* created an advertisement/post on the **@emmonspalace** Instagram account on or about October 3, 2024 for a: "**Get ready for an action-packed night at Emmons Palace! Watch UFC 307 LIVE this Saturday, October 5th at 7PM as Pereira takes on Rountree for the World Light Heavyweight Championship. Enjoy great food, drinks, and the ultimate fight night atmosphere. Don't miss the excitement – bring your friends and let's cheer for the fighters together! #UFC307 #PereiraVsRoundtree #FightNight #Emmons Palace #Live MMA**".  Please see Exhibit "A-1" attached hereto.

16. Upon information and belief, Defendants, *jointly and severally*, received a commercial benefit by not paying the commercial licensing fee to the Plaintiff for the Broadcast and obtaining same through alternative, illegal and unauthorized means and exhibiting within EMMONS PALACE located at 2265 Emmons Ave., Brooklyn, NY 11235 on or about October 5, 2024.

## COUNT I

17. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "16," inclusive, as though set forth herein at length.

18. Plaintiff is the owner of the UFC 307 - Pereira vs. Rountree Jr. PPV Broadcast, including all undercard matches and the entire television Broadcast, which occurred on October 5, 2024, via encrypted closed-circuit television, encrypted satellite, radio signals and/or digital streaming technology over the internet (IPTV).

19. Plaintiff's broadcast originated via encrypted closed circuit television, encrypted satellite, radio signals and/or digital streaming technology over the internet (IPTV) and was subsequently re-transmitted via Cable and/or satellite television or internet protocol streaming technology ("IPTV") over Content Distribution Networks ("CDN's) such as satellite, cable or digital streaming technology.

20. Plaintiff, for a licensing fee, entered into licensing agreements with numerous businesses in the State of New York, allowing them to publicly exhibit the Broadcast to their patrons. Upon payment of the appropriate fees, Plaintiff authorized and enabled subscribers to access and display a decrypted signal of the Broadcast.

21. The Broadcast was also available for non-commercial, private viewing for Pay-Per-View purchase and consumption via the internet. Owners of commercial establishments wishing to avoid paying Plaintiff's licensing fees can surreptitiously gain access to Plaintiff's Broadcasts by purchasing the programming through streaming apps or websites, without proper authorization, at residential rates, which are greatly discounted compared to the rates required for commercial entities and exhibit those broadcasts for their own commercial benefit and gain.

22. In order for anyone to obtain the Broadcast through a website intended for private, non-commercial viewing, an individual purchaser would be provided with terms of service which specifically provide for **non-commercial, personal use only.**

23. Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, the Defendants and/or their agents, servants, workmen or employees, without paying Plaintiff a fee or entering into an agreement with Plaintiff or its authorized agent for commercial exhibition, unlawfully intercepted, received and/or de-scrambled Plaintiff's encrypted signal and did exhibit the Broadcast at DESSERT PALACE BOSC INC. d/b/a EMMONS PALACE located at 2265 Emmons Ave., Brooklyn, NY 11235 at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

24. Defendants exhibition was willful as verified by their post on Emmons Palace's Facebook Account and *@emmonspalace's* Instagram Account. Please see Exhibits "A" & "A-1" attached hereto.

25. Upon information and belief, Plaintiff alleges that Defendants engaged in the illegal interception and receipt of Plaintiff's Broadcast by ordering programming intended for private, non-commercial use, paying a private use license fee and subsequently displayed it in the commercial establishment known as DESSERT PALACE BOSC INC. d/b/a EMMONS PALACE at 2265 Emmons Ave., Brooklyn, NY 11235 at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain and without authorization, or by such other means which are unknown to Plaintiffs and known only to Defendants.

26. Upon information and belief, Defendants and/or their agents, servants, workmen and/or employees intercepted Plaintiff's signal and/or used a device to intercept Plaintiff's Broadcast, which originated via encrypted satellite, cable or wired or wireless streaming radio signal technology, and then re-transmitted via Content Distribution Networks ("CDN's) such as satellite, cable or digital streaming technology.

27. There are multiple illegal and unauthorized methods of accessing the Broadcast, including but not limited to the traditional ways of pirating a broadcast (1) splicing an additional coaxial cable line or redirecting a wireless signal from an adjacent residence into a business establishment, decrypting unscrambling and receiving the closed circuit, "IPTV", cable or satellite Broadcast; (2) commercially misusing the residential cable, satellite or IPTV internet radio signals by registering as a residence when it is, in fact, a business; or (3) taking a lawfully obtained cable, IPTV or other streaming or satellite reception and decryption device or acquiring international Free-To-Air (FTA)

broadcast signals emanating from outside the United States, into a business. (4) misusing a residential digital stream acquired or intercepted from an over-the-top "OTT" technologies, used for the delivery of film and TV content via the internet, (5) Live or near-live Social Media Streaming or (6) Live Streaming Apps. The misuse of OTT technology can allow commercial misuse of residential broadcasting feeds through the internet from anywhere in the world.

28. Each of the above-described methods would allow Defendants to access the Broadcast unlawfully and without Plaintiffs authorization. Prior to engaging in discovery, Plaintiff is unable to determine the way Defendants obtained the Broadcast. However, it is logical to conclude that Defendants utilized one or more of the above-described methods intercept and exhibit the encrypted radio signal Broadcast within EMMONS PALACE at 2265 Emmons Ave., Brooklyn, NY 11235 without a license and without paying a license fee.

29. 47 U.S.C. §605 (a) prohibits the unauthorized reception and publication or use of radio communications such as the Broadcast transmission at issue in this litigation.

30. By reason of the conduct, the aforementioned Defendants willfully violated 47 U.S.C. §605 (a).

31. By reason of the Defendants violation of 47 U.S.C. §605 (a), Plaintiff has a private right of action pursuant to 47 U.S.C. §605.

32. As a result of the Defendants' willful violation of 47 U.S.C. §605 (a), Plaintiff is entitled to damages, in the discretion of this Court, under 47 U.S.C. §605

(e)(3)(C)(i)(II) and (ii) of up to the maximum amount of $110,000.00 as to each Defendants.

33. Pursuant to 47 U.S.C. §605, Plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT II

34. Plaintiff hereby incorporates paragraphs "1" through "33" as though fully set forth herein.

35. Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, the Defendant and/or his agents, servants, workmen or employees did exhibit the Broadcast at the above-captioned address at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

36. 47 U.S.C. §553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system such as the transmission for which Plaintiff had the distribution rights as to commercial establishments thereto.

37. A significant amount of internet service in the United States is provided by Internet Service Providers ("ISP'S") who deliver and receive internet data transmissions via a combination of satellite and radio signals which are delivered to end-users via coaxial cable, fiber optic cable and telephone lines.

38. Upon information and belief, the Defendants individually, willfully and illegally intercepted said Broadcast when it was distributed and shown by cable television systems.

39. By reason of the conduct, all of the aforementioned Defendants willfully violated 47 U.S.C. §553, thereby giving rise to a private right of action.

40. As a result of the aforementioned Defendants' violation of 47 U.S.C. §553, Plaintiff is entitled to damages, in an amount in the discretion of this Court, under §553(c)(3)(A)(ii), enhanced damages under 553(c)(3)(B) and the recovery of reasonable attorney's fees and costs under §553(c)(2)(C).

## COUNT III

41. Plaintiff hereby incorporates paragraphs "1" through "40" as though fully set forth herein.

42. Plaintiff, is the copyright owner of the exclusive rights of distribution and public performance to the broadcast, including all undercard matches and the entire television Broadcast of UFC 307 - Pereira vs. Rountree Jr. PPV Broadcast on October 5, 2024. The Certificate of Registration was filed with the U.S. Copyright Office on November 12, 2024 with registration No. PA 2-500-150.

43. As a copyright holder of the rights to the UFC 307 - Pereira vs. Rountree Jr. PPV Broadcast, Plaintiff has rights to the Broadcast, including the right of distribution and exhibition licensing to commercial establishments.

44. Defendants never obtained the proper authority or license from Plaintiff, or its exclusive commercial distributor, Joe Hand Promotions, Inc., to publicly exhibit the UFC 307 - Pereira vs. Rountree Jr. PPV Broadcast on October 5, 2024.

45. Upon information and belief, the Defendants and/or their agents, servants, workers and employees unlawfully obtained the program through fraud and/or intercepted the UFC 307 - Pereira vs. Rountree Jr. PPV Broadcast, thereby enabling Defendants to publicly exhibit the Broadcast without o a license for public performance or paying the appropriate licensing fee to Plaintiff.

46. By reason of the aforementioned conduct, the Defendants willfully violated 17 U.S.C. §501(a).

47. By reason of the aforementioned Defendants' violation of 17 U.S.C. §501(a), Plaintiff has a private right of action pursuant to 17 U.S.C. §501 (b).

48. As a result of Defendants' willful infringement of Plaintiff's copyrights and exclusive rights under copyright, as Defendant advertised and subsequently displayed Plaintiff's Broadcast. Plaintiff is entitled to actual damages, in the discretion of this Court, under 17 U.S.C. §504(b).

49. Plaintiff is further entitled to its attorney's fees and costs pursuant to 17 U.S.C. §505.

## COUNT IV

50. Plaintiff hereby incorporates paragraphs "1" through "49" as though fully set forth herein.

51. The Defendants are making statements on the internet, and in their advertising and promotion material that are materially false and likely to cause consumer confusion, mistake or deception as to the legality of their right to publicly exhibit Plaintiff's Broadcast. See Exhibits "A" & "A-1" to Complaint.

52. Defendants representations are material and deceptive misrepresentations upon which consumers have and will rely upon. The Defendants' actions mislead, deceive and harm legitimate customers of Plaintiff and consumers as well as damage Plaintiff's good name and reputation in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

53. Plaintiff markets and sells their Broadcast and other sporting events to commercial establishments in New York. Once a customer purchases a commercial license, they are given the right to use Plaintiff's advertisements and fight posters to promote their right to exhibit the Broadcast.

54. Upon Information and belief, establishments that pirate Plaintiff's Broadcast and advertisement of Plaintiff's Broadcast to show in their establishment without having the legal right to publicly exhibit same is misleading and impacts the decision of an establishment to pay the licensing fee when the unfair competition by false advertising of the Defendant herein impacts their business choices.

55. Upon information and belief, Plaintiff has been injured by the False Advertising of Defendant.

56. Defendants' acts were undertaken willfully and deliberately and with the intention of causing confusion, mistake, or deception.

57. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered substantial damages and has suffered and will continue to suffer irreparable harm unless the Defendants are preliminarily and permanently enjoined.

58. Plaintiff has no adequate remedy at law and seeks damages subject to the principles of equity, to recover (1) defendant's profits, both actual and engorgement (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a).

**WHEREFORE**, the Plaintiff requests that judgment be entered in its favor and against the Defendant, *jointly and severally,* granting to Plaintiff the following:

> (a) Declare that Defendant's unauthorized exhibition of the October 5, 2024, UFC 307 - Pereira vs. Rountree Jr. PPV Broadcast**,** violated the Federal Communications Act and that such violations were committed willfully and for purposes of Defendants' direct or indirect commercial advantage or for private financial gain, as Defendant advertised and subsequently displayed Plaintiff's Broadcast.
>
> (b) On the first cause of action, statutory penalties in an amount, in the discretion of this Court, against Defendants, *jointly and severally*, for a recovery between $1,000 and $10,000 as to each Defendant pursuant to 47 U.S.C. §605 and enhanced damages of up to $100,000.00 for each

defendant, *jointly and severally*, for their willful violation of 47 U.S.C. §605; and

(c) On the second cause of action, statutory penalties in an amount, in the discretion of this Court, against Defendants, *jointly and severally*, of up to the maximum amount of $10,000.00 as to each Defendant for their violation of 47 U.S.C. §553 and enhanced damages of up to $50,000.00 for their willful violation of 47 U.S.C. §553.

(d) On the third cause of action, actual damages suffered by Plaintiff and any profits of Defendants, *jointly and severally*, under 17 U.S.C. §504(b)

(e) Attorney's fees, interest, costs of suit as to each Defendant pursuant to 47 U. S. C. § 605 (e)(3) (B) (iii); and

(f) Attorney's fees, interest, costs of suit as to each Defendant pursuant to 47 U. S. C. §553 (c)(2)(C).

(g) Attorney's fees and costs pursuant to 17 U.S.C. §505.

(h) Defendant's profits, both actual and engorgement, all damages sustained by the plaintiff, and the costs of the action pursuant to 15 U.S.C. § 1117(a).

Dated: February 17, 2025
      Ellenville, New York

                              **ZUFFA, LLC D/B/A ULTIMATE FIGHTING CHAMPIONSHIP**

                              By: <u>/s/Julie Cohen Lonstein</u>
                              JULIE COHEN LONSTEIN, ESQ. (JL8521)
                              Attorney for Plaintiff
                              LONSTEIN LAW OFFICE, P.C.
                              190 South Main Street: P.O. Box 351
                              Ellenville, NY  12428
                              Tel:  (845) 647-8500
                              Fax:   (845) 647-6277
                              Email: Legal@signallaw.com
                              *Our File No. JHP23-05NY-02*